**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **GREGG DEE NELLY** | § | |
| | § | |
| **V.** | § | **A-11-CA-547-LY** |
| | § | |
| **RICK THALER** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 9). Petitioner, proceeding pro se, has paid the full filing fee for this case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.    Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 266th Judicial District Court of Erath County, Texas in cause number CR12933. Petitioner was charged with intoxication assault. On May 5, 2008, Petitioner pleaded guilty to the charge, and the court sentenced him to eight years imprisonment. Petitioner does not challenge his holding conviction. Rather, he challenges the Board of Pardons and Paroles'

decision to deny him release on discretionary mandatory supervision. After being denied release on mandatory supervision, Petitioner filed a state application for habeas corpus relief on May 20, 2011. Ex parte Nelly, Appl. No. 75,941-01 at 1-15. The Texas Court of Criminal Appeals denied the application without written order on June 15, 2011. Id. at cover.

**B.    Grounds for Relief**

Petitioner raises the following grounds for relief:

1. The Texas Board of Pardons and Paroles (the "Board") violated his right to due process by arbitrarily denying his release to mandatory supervision;

2. The Board's decision to deny release constitutes cruel and inhumane punishment, thereby violating the Eighth Amendment;

3. Denial of supervision results in servitude in violation of the Thirteenth Amendment;

4. The Board's reasons for denial are vague and unsupported by facts;

5. The Board violated his right to due process because there was no evidence to support its decision to deny release; and

6. The state habeas court erred in relying on Exhibit A provided by the Assistant District Attorney of Erath County.

**C.    Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.    The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court recently had the opportunity to summarize the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty

2

Act.  See Harrington v. Richter, 131 S. Ct. 770, 783-85 (2011).  The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Court noted that "[b]y its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)."  Id.

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied."  Id.  Following all of the Courts of Appeal's decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning."  Id. (citations omitted).  The Court noted that it had previously concluded that "a state court need not cite nor even be aware of Supreme Court cases to obtain deference under § 2254(d)."  Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)).  When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief."  Id.  And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due

3

to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." Id.

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. Id. (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41. Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The provisions of § 2254(d)(2), which allows the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That sections states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. Id.

1. Mandatory Supervision

Petitioner makes various claims that his due process rights have been violated with respect to the denial of mandatory supervision. "Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T. CODE § 508.001(5). Whereas an inmate's release on parole is wholly discretionary, an inmate's release on mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." Id. at § 508.147(a); Jackson v. Johnson, 475 F.3d 261, 263, n. 1 (5th Cir. 2007).

Both the Fifth Circuit and the Texas courts have held that Texas's post-September 1, 1996 mandatory provision scheme (outlined above) does create a protected liberty interest. Teague v. Quarterman, 482 F.3d 769, 777 (5th Cir. 2007); Ex parte Geiken, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000). Therefore, Petitioner is correct in noting he has a protected liberty interest, and is entitled to due process protection with respect to the decisions to deny him mandatory supervision. However, this simply means certain procedural due process protections must be afforded Petitioner by the Board before it decides whether to release him on mandatory supervision. Procedural due process requires, essentially, that Petitioner be given notice and a meaningful opportunity to be heard. Geiken, 28 S.W.3d at 560. Additionally, if release is denied, "the inmate must be informed in what respects he falls short of qualifying for early release." Id. (citing Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 16 (1979)). Therefore, the only issues before this Court are (1) whether Petitioner was provided timely notice he was to be considered for mandatory supervision release, (2) whether he was given a meaningful opportunity to be heard; in

other words, a meaningful opportunity to tender information to the Board in support of his release, and (3) whether he was informed in what respects he fell short of qualifying for early release.

The record reflects Petitioner was given notice of his mandatory supervision review on January 4, 2011, and the notice indicated the review was to occur within thirty days of April 22, 2011. See Resp. Exhibit B. The notice also indicated Petitioner could submit evidence to the Board panel before March 8, 2011. Id. Therefore, Petitioner had adequate notice of the specific 30-day window in which his review would take place, as well as an opportunity to submit evidence to the Board panel in support of his release. The record also reflects the Board specifically set forth the factors justifying its determination not to release Petitioner on mandatory supervision on March 22, 2011. See Resp. Exhibit C. Petitioner does not allege he did not receive notice of the Board's decision and rationale. Therefore, Petitioner received the process to which he was due under the law with regard to the denial of mandatory supervision.

To the extent Petitioner complains the Board's reasoning or the guidelines it follows are too vague or arbitrary, the Court of Criminal Appeals has considered this argument and rejected it. Geiken, 28 S.W.3d at 557. In Geiken, the applicant argued the statutory criteria directing the Board to evaluate the inmate's potential for rehabilitation and whether his release would endanger the public "are too vague to provide any guidance to the Board in making its decision and . . . this Court should, because of this vagueness, hold this portion of the statute unconstitutional." Id. The Court of Criminal Appeals rejected the argument, explaining the factors in question represent "valid concerns in making the release decision," and "are not so vague as to provide the Board with no guidance in their decision." Id. The Geiken court concluded, "The early release decision is necessarily subjective and cannot be limited to rigidly defined factors. In creating a parole or other

early release system, 'the state may be specific or general in defining the conditions for release and the factors that should be considered by the parole authority.'" Id. (citing Greenholtz, 442 U.S. at 8). Therefore, Petitioner's constitutional challenge to the factors considered by the Board is without merit. As for the sufficiency of the denial explanations, the Fifth Circuit has upheld similar explanations in the mandatory supervision context, and the Board is not required to produce evidence in support of its decision. See Boss v. Quarterman, 552 F.3d 425, 428-29 (5th Cir. 2008) (holding the Due Process Clause does not require further explanation than the "paragraphs cut verbatim from the Parole Board's Directives."). Although Petitioner did not receive the result he desired, he was afforded all the process he was due under the United States Constitution.

Petitioner's Eighth Amendment claim fares no better. The indicia of confinement constituting cruel and unusual punishment include wanton and unnecessary infliction of pain, conditions grossly disproportionate to the severity of the crime warranting imprisonment, and the deprivation of the minimal civilized measures of life's necessities. Wilson v. Lynaugh, 878 F.2d 846, 848 (5th Cir.), cert. denied, 493 U.S. 969, 110 S. Ct. 417 (1989). The Supreme Court has held, however, that to the extent that prison conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. Rhodes v. Chapman, 452 U.S. 337, 346-7, 101 S. Ct. 2392 (1981). The denial of Petitioner's mandatory supervision is not an Eighth Amendment violation.

Finally, to the extent Petitioner contends the denial of mandatory supervision results in "servitude" the Constitution does not forbid a prison inmate's being required to work without pay or other compensation. Ali v. Johnson, 259 F.3d 317, 318 & n. 2 (5th Cir. 2001); Moody v. Baker, 857 F.2d 256, 257 (5th Cir. 1998).

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

**B.      Infirmities in State Habeas Proceedings**

Petitioner objects to Exhibit A attached to the State's Answer filed in his state habeas corpus proceedings. See Ex parte Nelly, Appl. No. 75,941-01 at 20. The Erath County Assistant District Attorney provided the state court with a copy of the notice it received on or about July 1, 2008, indicating Petitioner would be reviewed for parole. The notice indicated Petitioner's parole eligibility date was November 19, 2008, and invited the submission of additional factual information relating to the upcoming parole review. At the time the notice was prepared Petitioner's mandatory supervision date was estimated as August 28, 2011. On May 24, 2011, the Assistant District Attorney erroneously claimed in the state habeas proceedings that Petitioner was not eligible for mandatory supervision until August 28, 2011. However, the Assistant District Attorney failed to obtain an updated time calculation sheet. which would have reflected additional time credits.

Although the State's Exhibit A was irrelevant to Petitioner's state habeas application, there is no indication the Court of Criminal Appeals considered the notice when it denied habeas relief. As indicated above, the denial of Petitioner's mandatory supervision does not merit habeas corpus relief. Moreover, infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas corpus relief. Wheat v. Johnson, 238 F.3d 357, 361 (5th Cir. 2001); Vail v. Procunier, 747 F.2d 277 (5th Cir. 1984).

**RECOMMENDATION**

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of December, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE